# IN THE UNITED STATES DISICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH LEWIS, ) | |
| ) | |
|     Plaintiff, ) | |
| vs. ) | Case No. CIV-14-202-D |
| ) | |
| REESE LANE and STATE OF OKLAHOMA, ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee[1] appearing *pro se* and *in forma pauperis* brings this hybrid civil rights and habeas corpus action. Plaintiff cites the following jurisdictional bases for his causes of action: 28 U.S.C. §§ 2254, 2241, 2255, 651, 636, 1446, 158, 157, 2284, 631-639; and 42 U.S.C. § 1983. Defendant Reese Lane, identified as the administrator of the Payne County jail, and the State of Oklahoma are named as defendants.

The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The undersigned Magistrate Judge has conducted an initial review of the Amended Complaint, ECF No. 10, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis proceedings*) and Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254. This Court should abstain from entertaining Plaintiff's request for a preliminary injunction, a request based on claims sounding in habeas, and **DISMISS**

---

[1] Plaintiff does not specify whether he is a pretrial detainee or a convicted prisoner serving his sentence. That Plaintiff is a pretrial detainee is inferred from his reference to needing a law library "to help with [his] defense" and by his prayer for a preliminary injunction "toward all actions that was brung [sic] to plaintiff" ECF No. 10, (Amended Complaint) at 5.

Plaintiff's habeas claims without prejudice. Claims against the State of Oklahoma should be **DISMISSED** with prejudice on the basis of Eleventh Amendment Sovereign Immunity. Finally, Plaintiff's claims that his civil rights have been violated during his confinement in the Payne County jail should be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

## GROUNDS FOR DISMISSAL

Pursuant to 28 U.S.C. § 1915A, this Court must review complaints filed in civil actions by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. After conducting the initial review, this Court must dismiss the complaint, or any portion of the complaint, which is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). *See also* 1915(e)(2)(B)(ii) (dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). In determining whether *sua sponte* dismissal is appropriate, the Court applies the same standard of review applied to motions for dismissal brought pursuant to Fed. R. Civ. P. 12(b)(6), and the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Additionally, a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 Fed.Appx. 843, 846 (10th Cir. 2008) (unpublished opinion).

Similarly, Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, requires prompt examination of a habeas petition and requires dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 1(b) of these rules allows federal district courts the discretion to apply these rules to § 2241 applications for habeas corpus.

## ANALYSIS

### I. Request for Injunctive Relief

Plaintiff seeks a "preliminary injunction toward all action that was brung [sic] to the plaintiff by the defendants [sic] action". ECF No. 10:5. In describing the nature of his case, Plaintiff alleges, among other things, "Due process violation, Equal protection Clause, prosecutional [sic] misconduct, Discovery misconduct, tampering with evidence, False Statement, abstruction [sic] of Justice, and my civil rights being broken." ECF No. 10:2.

These claims relate to criminal charges which Plaintiff implies are pending against him. Assuming Plaintiff is a pretrial detainee, he should have raised his habeas claims in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 U.S. F.3d 1227 (10th Cir. 2007) (state court defendant attacking his pretrial detention should bring habeas petition pursuant to the general

grant of habeas authority contained within 28 U.S.C. § 2241). Liberally construing this section of Plaintiff's claims as a request for habeas relief, this Court should abstain from considering Plaintiff's request for injunctive relief under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger v. Harris*, the Supreme Court held that federal courts generally should not intervene in state criminal prosecutions begun before institution of a federal suit in which the state court defendant seeks an order enjoining the state court from proceeding with the action against him. A federal court should abstain from enjoining such state prosecutions if the state court proceedings: (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Id.* at 43; *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). Abstention is unnecessary only when the claimant demonstrates "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Younger v. Harris*, 401 U.S. at 54 (recognizing an exception when the claimant shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). The Plaintiff has not alleged any facts suggesting that he would suffer irreparable injury if the State court proceedings were allowed to go forward or that the criminal charges were brought by the prosecutor with no hope of a valid conviction merely to harass him. It is therefore recommended that this Court

4

abstain from granting Plaintiff's request for injunctive relief and dismiss Plaintiff's habeas claims without prejudice.

## II. Claims against the State of Oklahoma

The State of Oklahoma is entitled to dismissal on the basis of Eleventh Amendment sovereign immunity. Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court." *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quotations omitted). In the Tenth Circuit, the court can consider the issue of Eleventh Amendment immunity *sua sponte*. *See V-1 Oil Co. v. Utah State Department of Public Safety*, 131 F.3d1415, 1420 (10th Cir. 1997). The State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. *See* Okla. Stat. tit. 51, § 152.1. Moreover the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, claims against the State of Oklahoma should be dismissed with prejudice.

## III. Civil Rights Claims Arising from Plaintiff's Incarceration

Plaintiff's civil rights claims are based on allegations regarding the conditions of his confinement in the Payne County Jail. Specifically, Plaintiff complains that he "has no law books to help with his defense." He also alleges that he received inadequate medical care. ECF No. 10:3. Both claims should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.

### A. Access to Law Library

Plaintiff has failed to allege actual injury resulting from the absence of a law library, and, therefore, this claim should be dismissed.

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that, to succeed on a claim of denial of access to the courts by restricting access to legal materials, an inmate must establish "actual injury," i.e., that "his efforts to pursue a legal claim" were "hindered" by the defendants' misconduct. *Id.* at 351. Notably, the Court offered two examples of when an inmate's efforts to pursue a legal claim would be "hindered." First, the Court noted that an inmate "might show . . . that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id*. Second, the Court noted that an inmate might show "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.* Applying *Lewis* to the facts alleged by Plaintiff, it is clear that Plaintiff has failed to state a claim for denial of access to the courts.

In this case, Plaintiff's vague statement that he is not able to "help with his defense" is insufficient to demonstrate any actual injury attributable to the absence of a law library. The recommended dismissal of this claim is based not on a technical requirement, but rather on the substantive requirement that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. It is recommended that this

claim be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.

B. **Medical Care**

Plaintiff's allegations regarding the medical care he received at the Payne County jail do not state a claim upon which relief may be granted. First, Plaintiff has not alleged that Defendant Lane personally participated in his medical care. Second, Plaintiff has failed to demonstrate that anyone at the Payne County jail was deliberately indifferent to his serious medical needs.

Under the Fourteenth Amendment's due process clause, pretrial detainees, like Plaintiff, are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment. *Barrie v. Grand County, Utah*, 119 F.3d 862, 867 (10th Cir. 1997). Thus, Plaintiff's claim based on allegedly inadequate medical care must be judged against the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But first, a plaintiff must plead sufficient facts to demonstrate that the named defendant personally participated in the alleged constitutional violation.

For a defendant to be liable for any civil rights violation, the defendant must have had direct personal responsibility for the claimed deprivation. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants") and *Coleman v. Turpen*, 697 F.2d 1341, 1346

n. 7 (10th Cir. 1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's allegations regarding the medical care he received at the Payne County jail do not demonstrate that Defendant Lane was personally involved in Plaintiff's medical care. Plaintiff first alleges that he was experiencing severe knee pain and that he could not eat the food he was served because he is lactose intolerant. Plaintiff states that in February 2014, he saw a nurse who, based on the aforementioned complaints, prescribed a week's worth of Tylenol for knee pain and stated that "they would try to fix the food." ECF No. 10:3. He makes no further allegations regarding the effects of his lactose intolerance.

Plaintiff states that he saw a nurse again in March 2014 for pain. The nurse allegedly told Plaintiff that he could not be given anything for chronic pain. Plaintiff was attended by a nurse a third time when he complained of a toothache. Plaintiff states that he was prescribed three different antibiotics for his tooth infection. When he proved to be allergic to the first two, he was prescribed a third. According to Plaintiff, the third antibiotic gave him a headache, and, because he had already taken his allotment of Tylenol, he was not given anything to reduce the pain of his severe headache. *Id.*

Other than the State of Oklahoma, the only other defendant named in Plaintiff's Complaint is Reese Lane, identified as the "jail administrator." Plaintiff has not named any nurse or nurses as defendants in this action. Plaintiff's Amended Complaint does not state sufficient facts to demonstrate that Defendant Lane personally participated in providing medical care to Plaintiff. At best, Plaintiff's allegations might be construed to imply that Defendant Lane could be held vicariously liable for the actions of the nurse or nurses who attended Plaintiff. As discussed above, however, a defendant cannot be held vicariously liable for the actions of subordinates. Therefore, Plaintiff's claims regarding his medical care should be dismissed as to Defendant Lane for failure to state a claim upon which relief may be granted.

Moreover, even if Plaintiff had named the nurse or nurses as defendants, he still has failed to state a claim for relief based on inadequate medical care. In *Estelle*, the Court held that prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Id.* at 104 (internal citation and quotation marks omitted). To prevail on a claim under 42 U.S.C. § 1983, however, "inadvertent failure to provide adequate medical care" is not enough, nor does "a complaint that a physician has been negligent in diagnosing or treating a medical condition. . . state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 105, 106. Rather, "a prisoner must allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

The Supreme Court clarified the standards applicable to deliberate indifference claims in *Farmer v. Brennan*, 511 U.S. 825 (1994). In *Farmer*, the Court set forth a two-pronged inquiry, comprised of an objective and subjective component. Under the objective inquiry, the alleged deprivation must be "sufficiently serious" to constitute a deprivation of constitutional dimension *Id.* at 834. In addition, under the subjective inquiry, the prison official must have a "sufficiently culpable state of mind" *Id.* In describing the subjective component, the Court made clear a prison official cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" *Id.* at 837. The subjective component is akin to "recklessness in the criminal law," where, to act recklessly, a "person must 'consciously disregard' a substantial risk of serious harm" *Id.* at 837 (quoting Model Penal Code § 2.02(2)(e)). And "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence" *Id.* at 842. The fact that a serious medical need was "obvious" could be evidence of deliberate indifference, although a "prison official may show that the obvious escaped him" and avoid liability *Id.* at 843 n. 8.

In this case, Plaintiff's allegations do not satisfy either the objective or subjective prong of the test for deliberate indifference to a serious medical need. First, Plaintiff's complaints of knee pain and headache are not sufficiently serious to satisfy the first inquiry. Second, by his own admission, Plaintiff's medical complaints were addressed and, where appropriate, treated. Plaintiff makes no further allegations regarding symptoms caused by his lactose intolerance after his first visit to a nurse. Plaintiff was given Tylenol for one week in response to his complaint of knee pain. The infection in Plaintiff's tooth was treated with three different antibiotics. The temporary side effect of the third antibiotic—a headache, is not sufficiently serious to rise to the level of a serious medical need. Plaintiff has not alleged sufficient facts to demonstrate that the nurse or nurses at the Payne County jail were "reckless" in treating Plaintiff's complaints.

## **RECOMMENDATION**

It is recommended that Plaintiff's action be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii) and Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254. Claims brought against the State of Oklahoma should be **DISMISSED** with prejudice on the grounds of Eleventh Amendment Sovereign Immunity. All other claims should be **DISMISSED** without prejudice.

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 25, 2014**, in accordance with 28

U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on July 8, 2014.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE